UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:03-cr-00220-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | |
| (1) LAMORRIS WATSON, ) | ORDER |
| a/k/a "O," ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's pro se Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 359).

Defendant was charged by bill of indictment on December 16, 2003 with Conspiracy to Possess with Intent to Distribute Cocaine, Cocaine Base, and Marijuana, as well as Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 846 and 841. (Doc. No. 3, p. 1-3). On October 26, 2004, Defendant pleaded guilty to both offenses. (Doc. No. 83). On September 5, 2006, Defendant was sentenced to 240 months of imprisonment, on each count, to run concurrently. (Doc. No. 199, p. 2).

In May 2020, Defendant submitted a request for compassionate release to the warden of FCI Elkton pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 359, p. 1). Defendant's request for reduction in sentence was denied. On June 30, 2020, Defendant filed a Motion for Compassionate Release with this Court. Id. In that motion, Defendant cites the COVID-19 coronavirus pandemic, his inability to practice social distancing, stage IV kidney disease, chronic renal failure due to COVID-19, hypertension, and race as reasons for his immediate release. Id. at 1, 11-13.

1

The Government has filed a Response in Opposition to Defendant's Motion. (Doc. No. 362). The Government argues that Defendant's motion should be denied because he poses a significant danger to the community and the statutory sentencing factors strongly weigh against his release. See generally id.

The Court has considered the parties' arguments and has determined that Defendant is not entitled to compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

18 U.S.C. § 3582(c)(1)(A).

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1)(A).

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

2

Case 3:03-cr-00220-FDW   Document 363   Filed 08/13/20   Page 2 of 5

The Sentencing Commission's policy statement with regards to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

> (A) Medical Condition of the Defendant –
>   (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….
>   (ii) The defendant is –
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process,
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances.
>   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3.

The Court denies the request because it is not warranted under the applicable § 3553(a) factors. See United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). As a preliminary matter, the Court must consider whether release is warranted given the applicable § 3553(a)

factors. See 18 U.S.C. § 3582(c)(1)(A). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense, (B) to afford adequate deterrence, (C) to protect the public from further crimes committed by the defendant, and (D) to provide the defendant with educational or vocational training, medical care, or other treatment; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Defendant is a recidivist. He was sentenced as a criminal history category VI for being the leader of a drug trafficking conspiracy and had been convicted of multiple crimes related to drug trafficking before that. (Doc. No. 210, p. 11-21). He was on supervised release for a federal drug trafficking offense when he committed the offenses underlying his current sentence. Id. at 16. His criminal history spans multiple states and he has been arrested multiple times for violent offenses. Id. at 16-17. Additionally, he has had numerous disciplinary incidents while incarcerated. (Doc. No. 362-2). From this evidence, the Court cannot conclude that Defendant does not present a danger to the safety of the community at this time. See U.S.S.G. § 1B1.13(2). Furthermore, the § 3553(a) factors strongly weigh against his release.

For the foregoing reasons as well as the arguments fully set forth in the Government's response (Doc. No. 362), Defendant has failed to demonstrate that he should be granted

4

compassionate release and therefore his Motion for Compassionate Release (Doc. No. 359) is DENIED.

IT IS SO ORDERED.

Signed: August 13, 2020

Frank D. Whitney
United States District Judge